Neil M. Cowic
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
(202) 514-7784
NC-1900

Susan Steele
Deputy Chief
Office of the U.S. Attorney
District of New Jersey
970 Broad Street, Room 400
Newark, N.J. 07102
(201) 645-2700
SS-7042

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JUN 16  P 4: 28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-3088 (DMC) |
| ) | |
| MORTON INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. GENERAL ALLEGATIONS

The United States of America ("Plaintiff"), at the request of the Administrator of the United

States Environmental Protection Agency ("EPA"), alleges the following:

1. This civil action is brought pursuant to Section 113(b)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7413(b)(2), against Morton International ("Defendant") for its violations of Section 112(r)(1) of the CAA).

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the Act, as amended, 42 U.S.C. § 7413(b) and 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue is proper in this district pursuant to 42 U.S.C. § 7413(b) and 28 U.S.C. §§ 1391(b) and (c) and 1395 because Defendant does business in, and these claims arose within, this district.

4. Authority to bring this action is vested in the United States Department of Justice pursuant to Section 305 of the Act, 42 U.S.C. § 7605, and 28 U.S.C. §§ 516 and 519.

5. Notice of commencement of this action has been given to the appropriate State air pollution control agency pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b).

6. Defendant is a corporation organized under the laws of the State of Illinois and does business at its Chemical Manufacturing Facility in Paterson, New Jersey, which is within the jurisdiction of this Court.

7. At all times relevant to this Complaint, Defendant owned and operated a chemical production plant at the above location ("Facility").

## II. CAA 112(r) VIOLATIONS

### Count I: Failure to Identify Hazard

8. The allegations of paragraphs 1 through 7 are realleged.

9. Defendant is a "person" as defined by Section 302(e) of the CAA, 42 U.S.C. § 76502(e), and within the meaning of Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

10. Section 112(r)(1) of the CAA, 42 U.S.C § 7412(r)(1), provides that the owner or operator of a stationary source producing, processing, handling or storing a substance listed pursuant to Section 112(r)(3) of the CAA, 42 U.S.C. § 7412(r)(3), or any other extremely hazardous substance, has a general duty in the same manner and to the same extent as Section 654 of Title 29 to identify hazards which may result from accidental releases using appropriate hazard assessment techniques, to design and maintain a safe facility taking such steps as are necessary to prevent such releases, and to minimize the consequences of such releases which do occur.

11. At all times relevant to the Complaint, Defendant was the owner and operator of the Facility.

12. The Facility was a stationary source, as defined by Section 112(r)(2)(C), 42 U.S.C. § 7412(r)(2)(C).

13. O-NCB (ortho-nitrochlorobenzene) is an extremely hazardous substance, pursuant to Section 112(r)(3) of the CAA, 42 U.S.C. § 7412(r)(3).

14. At all times relevant to this Complaint, the Facility produced, processed, handled and stored O-NCB.

15. Until April 8, 1998, Defendant failed to fulfill its general duty to identify hazards which may result from accidental releases of o-NCB at the Facility using appropriate hazard assessment techniques.

16. Until April 8, 1998, Defendant failed to design and maintain a safe Facility, taking such steps as were necessary to prevent such releases.

17. As a result of these failures, an accidental release, as defined by Section 112(r)(2)(A), 42 U.S.C. § 7412(r)(2)(A), occurred on April 8, 1998, when over 2,000 gallons of partially and fully reacted Yellow 96 (a compound containing o-NCB) were released from a storage tank at the Facility ("the release").

18. A fire ball burst through the roof of the facility and Yellow 96, and its unreacted components, including up to 286 pounds of o-NCB showered down onto the surrounding community. Personal injuries and property damage resulted from the release.

19. Defendant failed to fulfill its general duty to minimize the consequences of the April 8, 1998 release.

20. Each of Defendant's failures constitute a violation of Section 112(r)(1) of the CAA.

21. Section 113(b) of the CAA, 42 U.S.C. § 7413(b), provides that the Administrator of EPA shall, in the case of a person which is the owner or operator of a major stationary source, and may, in the case of any other person, commence a civil action for injunctive relief and to assess and recover a civil penalty of up to $25,000 per day for each such violation occurring on or before January 30, 1997, up to $27,500 per day for each such violation occurring after January 30, 1997, and up to $32,500 per day for each such violation occurring after March 15, 2004, whenever such person violates any requirement or prohibition of Subchapter I of the CAA, which includes Section 112(r)(1) of the CAA, 42 U.S.C § 7412(r)(1).

## II. CAA 112(r) VIOLATIONS

### Count II: Failure to Maintain a Safe Facility

22. The allegations of paragraphs 1 through 14 are re-alleged.

23. On at least 32 occasions through April 8, 1998, when Defendant produced Yellow Dye 96, the procedure was completed without taking steps that were necessary to design and maintain a safe Facility.

24. As a result of these failures, an accidental release, as defined by Section 112(r)(2)(A), 42 U.S.C. § 7412(r)(2)(A), occurred on April 8, 1998, when over 2,000 gallons of partially and fully reacted Yellow 96 (a compound containing o-NCB) were released from a storage tank at the Facility ("the release"). A fire ball burst through the roof of the facility and Yellow 96, and its unreacted components, including up to 286 pounds of o-NCB showered down onto the surrounding community. Personal injuries and property damage resulted from the release.

25. Defendant failed to fulfill its general duty to Maintain a Safe Facility.

26. Each of Defendant's failures constitute a violation of Section 112(r)(1) of the CAA.

27. Section 113(b) of the CAA, 42 U.S.C. § 7413(b), provides that the Administrator of EPA shall, in the case of a person which is the owner or operator of a major stationary source, and may, in the case of any other person, commence a civil action for injunctive relief and to assess and recover a civil penalty of up to $25,000 per day for each such violation occurring on or before January 30, 1997, up to $27,500 per day for each such violation occurring after January 30, 1997, and up to $32,500 per day for each such violation occurring after March 15, 2004, whenever

5

such person violates any requirement or prohibition of Subchapter I of the CAA, which includes Section 112(r)(1) of the CAA, 42 U.S.C § 7412(r)(1).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully prays this Court for:

    (a)    An order imposing on Defendant civil penalties in an amount up to $27,500 for each day during which Defendant failed meet its general duty of care under Section 112(r)(1) of the CAA, 42 U.S.C § 7412(r)(1);

    (b)    An order providing whatever injunctive relief the court deems appropriate;

    (c)    An order awarding Plaintiff the costs of this action.

Respectfully submitted,

5/31/05
Date

*(signature)*
CATHERINE MCCABE
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice

6/2/05
Date

*(signature)*
NEIL M. COWIE
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-5466

Joseph L. Famularo
United States Attorney
Eastern District of Kentucky